**06-60106**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

*TORRES*

JEANTEL JEAN,
    Plaintiff,
vs.

FLANIGAN'S ENTERPRISES, INC,
    Defendant.
_____/

COMPLAINT
DEMAND FOR JURY TRIAL



## INTRODUCTION

1. This is an action by Plaintiff, **JEANTEL JEAN** (hereinafter "**JEAN**"), under Title VII of the Civil Rights Act of 1978 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant, **FLANIGAN'S ENTERPRISES, INC.'S** (hereinafter "**FLANIGAN'S**") discriminatory treatment on the basis of his race and national origin.

2. On July 05, 2005, Plaintiff filed a complaint alleging discrimination on the basis of his race and national origin with the Equal Employment Opportunity Commission (EEOC).  (See attached Exhibit "A"). This complaint was accepted for filing with EEOC.

3. On December 28, 2005, the EEOC issued "Notice of Dismissal" letters to Plaintiff (See attached composite Exhibit "B") and suit was instituted within ninety (90) days of receipt of the letter.

## JURISDICTION AND VENUE

1



4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1343, 1367, and 42 U.S.C. Section 2000 (e)-5(f). This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e), et. Seq., and the Civil Rights Act of 1991, 42 U.S.C. section 1981 (a), and the Florida Civil Rights Act of 1992, Florida Statute Section 760.

5. The employment practices hereafter alleged to be unlawful were committed in Broward County, within the jurisdiction of the Southern District of Florida.

## PARTIES

6. At all relevant times, Defendant, FLANIGAN'S is a Florida corporation doing business in the State of Florida, Miami Dade County, located at 25 E. Atlantic Blvd, Pompano Beach, FL 33062, which affects interstate commerce, who at all material times relevant hereto had 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times.

7. The Plaintiff, JEAN, is a citizen of the United States and a resident of Broward County, Florida, who was employed by Defendant and is a member of certain protected classes of persons.

8. Plaintiff was employed by Defendant from February of 2001 through June 19, 2005.

## FACTS

9. On or about February of 2001 Plaintiff began his employment with Defendant having duties as a cook.

10. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion.

2

11. On June 19, 2005, Defendant discriminated against Plaintiff because Plaintiff is Black and Haitian.

12. All conditions precedent to this action has been fulfilled. The Charges of discrimination were filed with the EEOC and also with the Florida Commission on Human Relations within 300 days of the alleged violation (see attached "A" and "B") and over (6) months have passed since filing of the complaints.

## COUNT I: VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE

Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-12 of this initial complaint and states:

13. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

14. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

3

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000   FAX: (305)416-5005

15. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race.

16. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was a Black male.

17. At the time of this treatment in employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

18. The Plaintiff was qualified for the position apart from his apparent race.

19. The Plaintiff was discriminated against by his supervisor because he is Black.

20. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

21. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

22. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

23. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

24. Any alleged nondiscriminatory reason for Plaintiff's treatment in his employment asserted by Defendant is a mere pretext for the actual reason for the treatment, Plaintiff's race.

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000   FAX: (305)416-5005

25. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, JEAN, respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, FLANIGAN'S, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment discrimination due to his race.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

5

## COUNT II: VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON NATIONAL ORIGIN

Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-25 of this initial complaint and states:

26. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

27. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's national origin.

28. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's national origin.

29. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff is Haitian.

30. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

31. The Plaintiff was qualified for the position apart from his apparent national origin.

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

32. The Plaintiff was discriminated against by his supervisor because he is Haitian.

33. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

34. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

35. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his national origin in violation of Act with respect to its decision to treat Plaintiff different from other employees.

36. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

37. Any alleged nondiscriminatory reason for Plaintiff's treatment in employment asserted by Defendant is a mere pretext for the actual reason for the treatment, Plaintiff's national origin.

38. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, JEAN, respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, FLANIGAN'S, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment discrimination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## COUNT III: VIOLATION OF TH FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON RACE

Plaintiff pursuant to Florida Statute Section 760 sues Defendant and re-alleges the facts as set forth herein paragraphs 1-38 of this initial complaint and states:

39. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states "It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment,

8

because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

40. The discrimination of Plaintiff by Defendant was on the basis of Plaintiff being Black.

41. At all relevant times aforementioned, including the time of employment discrimination of Plaintiff, Defendant, was aware that Plaintiff is Black.

42. At the time of Defendant's discriminatory treatment, Plaintiff did perform and excel at the performance of the essential functions of his position.

43. The Plaintiff was qualified for the position.

44. The discrimination of Plaintiff's employment was on the basis of race.

45. Plaintiff's discrimination in employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his race while working for Defendant in violation of Florida Statute Section 760.

46. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

47. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating employment, his race.

48. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status.

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

49. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment discrimination due to his race.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## COUNT IV: VIOLATION OF TH FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON NATIONAL ORIGIN

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

Plaintiff pursuant to Florida Statute Section 760 sues Defendant and re-alleges the facts as set forth herein paragraphs 39-49 of this initial complaint and states:

50. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states "It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

51. The discrimination of Plaintiff by Defendant was on the basis of Plaintiff being Haitian.

52. At all relevant times aforementioned, including the time of employment discrimination of Plaintiff, Defendant, was aware that Plaintiff is Haitian.

53. At the time of Defendant's discrimination of his employment, Plaintiff did perform and excel at the performance of the essential functions of his position.

54. The Plaintiff was qualified for the position.

55. The discrimination in Plaintiff's employment was on the basis of national origin.

56. Plaintiff's discrimination of employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his national origin while working for Defendant in violation of Florida Statute Section 760.

57. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

58. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for the treatment in his employment, his national origin.

59. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status.

60. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment discrimination due to his national origin.

E. For a money judgment representing prejudgment interest.

**REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

Respectfully Submitted,

**Remer & Georges-Pierre, P.A.**
New World Tower
100 N. Biscayne Blvd.
Suite 1003
Miami, FL 33132
Phone: (305) 416-5000
Fax:     (305) 416-5005

By: _____
Jason S. Remer, Esquire
Florida Bar Number: 0165580

# EXHIBIT "A"

**FLORIDA COMMISSION ON HUMAN RELATIONS**
2009 Apalachee Parkway, Suite 100
Tallahassee, Florida 32301

Date Stamp (FCHR Use Only)

| EMPLOYMENT CHARGE OF DISCRIMINATION | FCHR No. |
|---|---|

**Name (Indicate Mr. or Ms.)** Jeantel Jean
**Social Security #** 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
**Date of Birth** 7/17/63
**Mailing Address** 1668 NW 17 Ave., Apt. 1
**Home Telephone Number (area code)** (954) 254-3766
**City, State, and Zip Code** Pompano, FL 33069
**Work (if possible to call you there)**

List the employer, labor organization, employment agency, apprenticeship committee, government agency, or other person who discriminated against you.

**Name** Flanigan's
**Number of Employees** 15+
**Telephone Number** (954) 943-3762
**Street Address (Branch/Office in Florida)** 2500 E. Atlantic Blvd.
**City, State and Zip Code** Pompano Beach FL 33062
**County** Broward

**CAUSE OF DISCRIMINATION BASED ON** - Check appropriate box(es)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ DISABILITY/HANDICAP
☒ NATIONAL ORIGIN  ☐ AGE  ☐ MARITAL STATUS  ☐ RETALIATION

**DATE MOST RECENT DISCRIMINATION TOOK PLACE** (month, day, year) 6/19/05

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheets(s)):

**I. Personal Harm:**
I am Black, Haitian. I suffered emotional and financial damages due to the fact that I was terminated based on my race and National origin.

**II. Respondent's Reason for Personal Harm**
My supervisor, Dominique (Puerto Rican), does not like Haitians and Black people. On June 19, 2005, I was terminated and replaced by an hispanic employee.

**III. Discrimination Statement:**
I believe I have been discriminated against pursuant to Chapter 760 of the Florida Civil Rights Act, and/or Title VII of the Federal Civil Rights Act, and/or the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act as applicable for the following reason(s):

I believe I was discriminated against pursuant to Chapter 760 of the Florida Civil Rights Act as amended because of my race and national origin.

I REQUEST TO BE AFFORDED FULL RELIEF TO WHICH I AM ENTITLED TO UNDER THE LAW(S).
I will advise the agency if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

Under penalties of perjury, I declare that I have read the foregoing charge of discrimination and that the facts stated in it are true.
**SIGNATURE OF COMPLAINANT** Jeantel Jean  **DATE** 7/5/05

FCHR Charge Form - Revised July 24, 2002

# EXHIBIT "B"

EEOC Form 161 (10/96)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Mr. Jeantel Jean<br>1668 N.W. 17 Avenue #1<br>Pompano Beach, FL 33069 | From: Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

[ ]    *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2005-03492 | Acacia Gomez, Investigator | 305 530 6454 or 305 536 4491 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]    While reasonable efforts were made to locate you, we were not able to do so.

[ ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ x ]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the on... ice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*     DEC 2 8 2005

Enclosure(s)     Federico Costales, District Director     *(Date Mailed)*

cc:   Mr. Jeffrey D. Kastner, General Counsel     Charging Party's Representative:
      FLANIGAN'S ENTERPRISES, INC.     Mr. Jason S. Remer, Esquire
      5059 N.E. 18th Avenue     REMER & GEORGES-PIERRE P.A.
      Fort Lauderdale, Florida 33334     100 North Biscayne Blvd, Suite 1003
          Miami, Florida 33132

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

06-60106

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JEANTEL JEAN

**DEFENDANTS**
FLANIGAN'S ENTERPRISES, INC.

(b) County of Residence of First Listed Plaintiff  **BROWARD**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
REMER & GEORGES-PIERRE, P.A.
100 N. BISCAYNE BLVD STE #1003
MIAMI, FL 33132     (305)416-5000

Attorneys (If Known)
/TORRES

Broward 06-60106-cv-Dimitrouleas/Torres

(d) Check County Where Action Arose: ☐ DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability |  | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** |  | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice |  | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act |  |  |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 442 Employment | **Habeas Corpus:** |  |  |  |
| ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 444 Welfare | ☐ 535 Death Penalty |  |  |  |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  |  |
| ☒ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
42 USC 2000     Defendant violated Title VII by discriminating against Plaintiff based on race and national origin
LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):
JUDGE
DOCKET NUMBER

DATE  1-23-06
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 93388   AMOUNT $250.00   APPLYING IFP
01/25/06